OPINION
COWEN, Circuit Judge.
Keith Crawford, Jr. and Vicki Crawford appeal the order of the District Court granting summary judgment in favor of Washington County Children and Youth *728 Services (“CYS”), CYS caseworkers, and CYS officers (collectively, “Appellees”). We will affirm.
I. BACKGROUND
Appellants are the parents of a minor child, K.C. In October 2000, CYS received a call from the North Franklin Police Department indicating that K.C., who was wandering alone near a McDonald’s Restaurant, might be the victim of child abuse. The police observed that, despite the cold weather, K.C. was barefoot and dressed in shorts and a t-shirt. The police took K.C. into their custody and CYS initiated an investigation into his circumstances. CYS learned that K.C. had no formal education, had no immunizations, and was living in unsanitary conditions. CYS removed K.C. from his home.
In August 2002, K.C. informed his foster parents that he suffered sexual abuse at the hands of his parents. In particular, he stated that his parents had licked and touched his genitalia regularly. Additionally, he alleged that his father made him watch his mother and aunt engaged in sexual acts through a hole in the wall several times. CYS interviewed his foster parents and observed his behavior in their home, which was consistent with allegations of abuse. CYS had K.C. meet with several psychiatrists and counselors to determine whether he exhibited the signs of sexual abuse. Each specialist concluded that his allegations were credible. Upon completion of their investigation, CYS filed a Petition for Involuntary Termination of Parental Rights. The court granted CYS’s petition on January 14, 2004 and the Superior Court of Pennsylvania affirmed.
In 2004 the Department of Public Welfare issued an order adding Appellants names to ChildLine Registry, a registry of sex offenders. On November 18, 2004, the Commonwealth Court of Pennsylvania affirmed that order.
On November 15, 2007, a hearing was conducted in the Court of Common Pleas in response to a complaint filed by CYS. Vicki Crawford learned that K.C. was residing at a local shelter and contacted the shelter, pretending to be K.C.’s grandmother. K.C. testified that his grandmother was deceased, but that he answered the phone call nonetheless. When K.C. answered, he realized that it was his mother and terminated the call. The court denied CYS’s request for a protective order, but admonished Appellants to refrain from contacting K.C.
On December 22, 2006, Appellants filed the instant action against Appellees, alleging claims under 42 U.S.C. § 1985, 42 U.S.C. § 1983, the Adoption Assistance and Child Welfare Act of 1980, 42 U.S.C. § 675(5)(D), (E), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, resulting from Appellees’ investigation and the resulting termination of Appellants’ parental rights. Appellees moved to dismiss, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted Appellees’ motion with respect to each of Appellants’ claims, except for their claim arising under Section 1983. With respect to that claim, the district court permitted the parties to proceed to discovery to develop the merits and to determine whether any facts supported equitable tolling of the statute of limitations.
At the conclusion of discovery, Appellees moved for summary judgment asserting that Appellants failed to establish a claim under Section 1983 and that any such claim would be time-barred under the statute of limitations. The district court granted Appellees’ motion on both grounds. Appellants’ appeal from this order is now before this court.
*729 II. JURISDICTION AND STANDARD OF REVIEW
The district court had jurisdiction pursuant to 28 U.S.C. §§ 1831 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291. “The standard of review applicable to the District Court’s order granting summary judgment is plenary.” Kautz v. Met-Pro Corp., 412 F.3d 463, 466 (3d Cir.2005). We must apply the same test employed by the District Court under Rule 56(c) of the Federal Rules of Civil Procedure. Id.
III. DISCUSSION
A. Timeliness
The statute of limitations for claims arising under Section 1983 is two years. See Cowell v. Palmer Township, 263 F.3d 286, 291 (3d Cir.2001) (citing Sameric Corp. of Delaware v. City of Phila., 142 F.3d 582, 599 (3d Cir.1998)). Any claims filed outside this period are untimely. “A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based.” Sameric Corp., 142 F.3d at 599. There is, however, an equitable exception to the timeliness requirement. “[W]hen a defendant’s conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred.” Cowell, 263 F.3d at 292 (quoting Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1295 (3d Cir.1991)). This exception is known as the “continuing violations doctrine.” Id.
The district court properly concluded that Appellants’ claim was barred by the statute of limitations. CYS removed K.C. from Appellants’ home in October of 2000. At that time, Appellants denied the charges of neglect alleged by CYS. In August 2002, CYS initiated its sex-abuse investigation, ultimately determining that the evidence supported K.C.’s allegations. CYS then sought to permanently terminate Appellants’ parental rights, a result accomplished by January 2004. Throughout the sex-abuse investigation, Appellants maintained their innocence. From the removal to the termination of their parental rights, Appellants had the facts necessary to assert their Section 1983 claim and failed to do so until December 22, 2006. Their claim is untimely.
The district court properly rejected Appellants’ request for equitable tolling under the continuing violations doctrine. Appellants contend that CYS’s application in 2007 for a protective order following their telephone call to KC.’s shelter indicates that CYS continued to engage in a practice of unlawful harassment and that prior conduct, including CYS’s investigation and termination of parental rights, should be deemed to fall within this continuing practice as timely. There is no support for this argument. Appellants’ claims arise out of CYS’s investigation and termination of Appellants’ parental rights. CYS completed its investigation in 2002, and a court terminated Appellants’ parental rights in January 2004. The 2007 complaint had nothing to do with the investigation and whether Appellants should retain their parental rights. The 2007 complaint is an effect of the earlier obtained order terminating parental rights; however, “a continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation.” Cowell, 263 F.3d at 293 (quoting Ocean Acres Ltd. v. Dare County Bd. of Health, 707 F.2d 103, 106 (4th Cir.1983)).
Moreover, not only is CYS’s 2007 complaint unrelated to its earlier, allegedly unlawful conduct, the 2007 complaint is the direct result of Appellants’ actions. Had *730 KC.’s mother not contacted K.C.’s shelter, pretending to be his grandmother, CYS would not have initiated the 2007 complaint. Appellants’ claims do not fall under this equitable exception.
B. Merits
Under Section 1983, “[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. ...” 42 U.S.C. § 1983. To establish a claim under Section 1983, a plaintiff must demonstrate “a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law.” Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir.1996).
This circuit has recognized “constitutionally protected liberty interests that parents have in the custody, care and management of their children.” Croft v. Westmoreland County CYS, 103 F.3d 1123, 1125 (3d Cir.1997) (citing Lehr v. Robertson, 463 U.S. 248, 258, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983)). However, this liberty interest is not absolute. “The right to familial integrity, in other words, does not include a right to remain free from child abuse investigations.” Id. Thus, courts “must balance the fundamental liberty interests of the family unit with the compelling interests of the state in protecting children from abuse.” Id. A social worker’s decision or conduct constitutes a substantive due process violation only when it is “so clearly arbitrary” that it “can properly be said to shock the conscience.” Miller v. City of Phila., 174 F.3d 368, 376 (3d Cir.1999).
The district court properly granted summary judgment for Appellees on Appellants’ substantive due process claim. The gist of the claim is that Appellees failed to properly evaluate K.C.’s recantation of sexual abuse. As the district court explained, Appellants presented no evidence in support of this assertion. On the other hand, Appellees presented evaluations of K.C. from several specialists, ail of whom concluded that his original allegations were credible, in support of their application for termination of parental rights and in listing Appellants on the ChildLine Registry. Further, Appellants presented no evidence demonstrating that CYS social workers perjured themselves during their investigation of K.C.’s case, other than their bald assertions. Appellants also claim that the state improperly concluded that K.C.’s family home was sufficiently deficient to merit termination of their parental rights. Evidence in the record establishes that Appellants failed to provide schooling, basic medical care, such as vaccines, sanitary housing, and appropriate supervision. Bald assertions to the contrary are insufficient to defeat a motion for summary judgment.
Finally, the district court properly concluded that, to the extent that Appellants appear to raise claims on behalf of K.C., they lack standing to assert such claims as their parental rights were severed.
IV. CONCLUSION
We will affirm the grant of summary judgment.